# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BILLY CEPERO,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:14-cv-01395-GMN-PAL

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    Petitioner has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1). Petitioner has since paid the filing fee for this action. (ECF No. 3). Accordingly, the motion for leave to proceed *in forma pauperis* is denied as moot.

    Petitioner has filed a motion for the appointment of counsel. (ECF No. 2). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion for the appointment of counsel is denied.

    This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). The petition must be dismissed as conclusory. In Grounds 1-3, petitioner broadly alleges ineffective assistance of counsel. The petition lacks sufficient facts regarding how or why petitioner's counsel was ineffective. Petitioner will be granted leave to file an amended petition that includes more detailed facts supporting his allegations of ineffective assistance of counsel.

In filing an amended petition, petitioner is advised that an amended petition supercedes the original petition and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). The amendment of a petition constitutes waiver of any omitted arguments or claims from previous versions of the petition. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Therefore, the amended petition must contain all grounds for relief and factual allegations that petitioner wishes to pursue in this action. Moreover, the amended petition must be filed on the Court's approved habeas corpus form and must be entitled "First Amended Petition."

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the original petition is dismissed as conclusory, without prejudice to petitioner filing an amended petition providing additional factual allegations supporting his claims of ineffective assistance of counsel.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** petitioner the form for filing a § 2254 habeas corpus petition in this Court, together with instructions for filing the form.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE**, within **thirty (30) days** from the date of entry of this order, an amended petition. The amended petition must be filed on the Court's approved habeas corpus form and must be entitled "First Amended Petition."

**IT IS FURTHER ORDERED** that if petitioner fails to file an amended petition within thirty (30) days, this action will be dismissed.

**DATED** this 21st day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court