1

2          **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF NEVADA**
3

4

5    BILLY CEPERO,

6          Petitioner,                        Case No. 2:14-cv-01395-GMN-PAL

     vs.                                       **ORDER**
7

     BRIAN WILLIAMS, *et al.*,
8
           Respondents.
9

10

11         This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

12   by a Nevada state prisoner.

13         This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the

14   Rules Governing Section 2254 Cases in the United States District Courts.  The Court must dismiss a

15   petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

16   entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases; *see also*

17   *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).  A petitioner must first present his grounds for

18   relief to a state court before a federal court may review the merits of the issues he raises.  To exhaust

19   a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court  of

20   Nevada.  *See Picard  v.  Conner*, 404 U.S. 270,275-76 (1971).  If a single one of the claims in the

21   petition is unexhausted, the court is obliged to dismiss the petition for lack of exhaustion.

22         Upon reviewing the petition in this case, the Court concludes that petitioner's claims are

23   unexhausted.  Petitioner admits that on June 24, 2014, he filed a habeas petition that is still pending

24   in the state courts.  (ECF No. 5, at p. 2).  Petitioner seeks a stay of this federal habeas proceeding

25   while he exhausts his claims in state court.  The Court may stay a "mixed" petition containing both

26   exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted

27   claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.

28   *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  In the instant case, it is not clear that the petition is

1   mixed, as the petition and petitioner's filings do not shed light on which claims, if any, are

2   exhausted.  Moreover, petitioner has not shown good cause for his failure to exhaust his claims in

3   state court before filing a federal habeas petition.  Because petitioner has not exhausted his grounds

4   for relief in state court, this action shall be dismissed without prejudice to petitioner filing a new

5   petition when he exhausts his claims in the state courts.

6          **IT IS THEREFORE ORDERED** that petitioner's motion for a stay (ECF No. 5) is

7   **DENIED.**

8          **IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**

9   for failure to exhaust state court remedies.  If and when petitioner exhausts his state court remedies,

10  he may file a new habeas petition in a new action.

11         **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as reasonable

12  jurists would not find the dismissal without prejudice of this action to be debatable or wrong.

13         **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

14         **DATED** this 15th day of April, 2015.

15

16  _____

    Gloria M. Navarro, Chief Judge
17  United States District Court

18

19

20

21

22

23

24

25

26

27

28